# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ARRIC PLOCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:12CV0518 HEA |
| | ) |
| CLIENT SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Arric Ploch's Motion for Summary Judgment [ECF No. 6]. Defendant Client Services, Inc.("CSI") filed a Memorandum in Opposition to Plaintiff's motion [ECF No. 9], to which Plaintiff replied [ECF No. 10]. For the reasons set forth below, Plaintiff's motion is granted.

## Factual Background[1]

Plaintiff Arric Ploch is a current resident of St. Charles County, Missouri. Defendant CSI is a Missouri corporation; the principal business purpose of CSI is the collection of debts, and CSI regularly attempts to collect debts alleged to be

---

[1] The Court's recitation of the facts is drawn from the Plaintiff's Statement of Uncontroverted Facts in Conjunction With His Motion for Summary Judgment [ECF no. 6-1]. It appears to the Court that Defendant's Answer and Affirmative Defenses [ECF No 8] is intended to be his response to Plaintiff's Statement of Uncontroverted Facts.

due to another. CSI is engaged in the collection of debts from consumers using the mail and telephone. Plaintiff previously filed suit in St. Charles County against Defendant CSI for violations of the Fair Debt Collections Practices Act ("FDCPA") and Telephone Consumer Protections Act ("TCPA") in their attempts to collect a debt stemming from a Target Visa account. Defendant dealt exclusively with Plaintiff's counsel on the previous suit to reach a settlement agreement, and Defendant knew Plaintiff was represented by counsel with respect to the debt. On February 15, 1012, the St. Charles County suit was dismissed.

Beginning on February 17, 2012, however, Defendant telephoned Plaintiff multiple times in an attempt to collect the Target debt. On or about February 20, 2012, Plaintiff called Defendant and informed them that he was still represented by counsel on this matter. During said call, Defendant communicated to Plaintiff that the correspondence was regarding the same Target debt from the previous litigation. Additionally, Defendant sent Plaintiff a collection letter in another attempt to collect the Target Debt. This letter was dated February 17, 2012.

## Summary Judgment Standard

The standard for summary judgment is well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec.*

*Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006).  The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c);  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996).  Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists.  Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256;  *Littrell ,* 459 F.3d at 921.  "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'"  *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)."  *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004).  An issue of fact is genuine when "a reasonable jury could

return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990.

To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). The nonmoving party may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the his or her favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung,* 422 F.3d 630, 638 (8th Cir. 2005). Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir. 2006). "Mere allegations, unsupported by

4

specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines,* 2008 WL 2609197, 3 (8th Cir. 2008).

## Discussion

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

The FDCPA requires that an entity collecting a debt make certain disclosures to the person from whom it attempts to collect a debt. These disclosures include:  (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day

period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.  FDCPA, 15 U.S.C. § 1692g(a).

In the event the consumer notifies the debt collector, in writing, within thirty days that the debt at issue is disputed, the debt collector is required by the FDCPA, § 1692g(b), to "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment."  The  FDCPA does not require that an independent investigation of the validity of a debt referred for collection be conducted.  *Jenkins v. Heintz,* 124 F.3d 824, 828 (7th Cir.1997). Further, the FDCPA prohibits debt collectors from communicating with consumers represented by counsel without prior consent from counsel or from the consumer. FDCPA, §1692c(a)(2).

Plaintiff contends that Defendant violated the FDCPA when Defendant contacted Plaintiff, who was represented by counsel, regarding the Target Visa account debt. Plaintiff alleges that Defendant knew he was represented by counsel

with respect to the debt and that no consent had been given by Plaintiff or his counsel to the Defendant to contact Plaintiff. Plaintiff seeks statutory damages in the amount of $1,000, actual damage for mental anguish and emotional distress in the amount of $1,000 and attorneys' fees.

Defendant opposes Plaintiff's position and has filed its own affirmative defense. *See* ECF No. 8. Defendant contends that CSI's communications following the conclusion of the initial lawsuit between it and Plaintiff was the result of a bona fide error. To qualify for the bona fide error defense, a debt collector must show: (1) the presumed FDCPA violation was not intentional; (2) it must show that the presumed FDCPA violation resulted from a bona fide error; and (3) it must show that it maintained procedures reasonably adapted to avoid any such error. 15 U.S.C. §1692k(c); *Kort v. Diversified Collections Services, Inc.*, 394 F.3d 530, 537 (7th Cir. 2005). Based on the Affidavit of Edward Little[2] [ECF No. 9-1], CSI did not intend to contact Plaintiff regarding the debt following settlement of the lawsuit. Upon review of Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment [ECF No 9], Defendant's Answer and Affirmative Defenses [ECF No. 8] and Little's Affidavit [ECF No. 9-1], Defendant has failed to offer any specific facts detailing how or why the

---

[2] Edward Little is the Chief Information Officer of Defendant CSI.

multiple correspondences were unintentional. Instead, Defendant merely offers self-serving, conclusory statements that the correspondences were unintentional without explaining any facts that caused the multiple calls and letter. As such, Defendant CSI has failed to meet the first element of the bona fide error defense. The Court will assess damages after briefing on the matter is complete.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Arric Ploch's Motion for Summary Judgment [ECF No. 6] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall submit briefing regarding damages within [14] fourteen days of this Order. Defendant will have [7] seven days to respond to Plaintiff's damages briefing, and Plaintiff will have an additional [7] days to reply to Defendant's response.

Dated this 1st day of April, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE